## Wytheville.

SIMS v. TYRER.

JUNE 9, 1898.

Absent, Keith, P., and Cardwell, J.

1. CHANCERY PRACTICE—*Sale of Lands—Account of Liens.*—It is error to decree a sale of lands to satisfy liens without first ascertaining the amount of the liens.
2. SALE BY WRONG-DOER.—*Damages—Measure of Recovery against.*—A party whose property has been improperly sold by a wrong-doer is entitled to recover the value of the property at the date of such sale.
3. RES JUDICATA—*Second Appeal—Case in Judgment.*—A question raised by a second appeal in a case which was necessarily involved on the former appeal in the same case, and was expressly raised by a petition to re-hear the former decree of the appellate court, must be regarded as *res judicata.* In the case in judgment, even if the question involved were not concluded by the former appeal, the decision of the lower court is right.

Appeal from a decree of the Circuit Court of Alexandria county pronounced April 22, 1897, in two chancery suits heard together, one under the style of *Tyrer* v. *O'Gorman and others,* and the other under the style of *McCartney* v. *The Potomac Electric Co.* In the suit of *Tyrer* v. *O'Gorman and others* the appellee was the complainant, and the appellant was one of the defendants.

*Affirmed.*

The opinion states the case.

*John Critcher* and *Moore & Keith,* for the appellant.

*J. R. Caton, G. A. Mushback, John M. Johnson and S. G. Brent,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The error complained of on this appeal is the construction which the Circuit Court of Alexandria county placed upon the decree entered in the cause on the 9th day of July, 1894, in so far as it fixed the amount which Tyrer, the appellee, was entitled to recover from O'Gorman. After the decree of July 9, 1894, was rendered, an appeal was taken to this court, and that decree affirmed.

The case is reported in this volume (*ante* p. 5), and the facts so far as they are necessary to a decision of the question involved in this appeal are fully stated in the opinion of the court.

In order to decide the questions involved in the former appeal it was necessary to ascertain how much, if anything, Tyrer was entitled to recover from O'Gorman on account of his unauthorized sale of Tyrer's property. In discussing that question, the court said: "He" (Tyrer) "therefore became equitably entitled to one-tenth of the consideration received by O'Gorman from the Potomac Electric Company, to-wit, one-tenth of the $25,000 of its capital stock and $50,000 of its bonds, aggregating $75,000; but these having been appropriated by O'Gorman to his own use, Tyrer was entitled to recover from him one-tenth of their value, to-wit, $7,500. The Circuit Court so decreed, and in this there was no error."

Whilst the decree of July 9, 1894, does contain expressions which give color to the construction put upon it by the appellant, the construction given it by this court, as above quoted, is clearly correct when the whole decree and the record upon which it is based are looked to. Any other construction would have been contrary to the law upon the facts of the case, and would have required a reversal instead of an affirmance of the

decree. If the construction contended for by the appellant was given the decree, it would be erroneous in two respects. First, it would have ordered the sale of the land decreed to be sold without having ascertained the amount of the liens; and, second, it would have given Tyrer compensation for his interest in the property sold, not as of the date of the sale made by O'Gorman, but as of the date of the sale made by the court. The practice in this State is well settled that in selling lands to satisfy liens thereon, the liens must be ascertained before a decree for sale is rendered; and, in a case like this, it would be grossly inequitable to make the recovery of the party whose property had been improperly sold by another, depend upon its value when sold by the court instead of at the date of the sale made by the wrong-doer. If the property had depreciated in value, the loss would fall upon the party whose property had been improperly sold by the wrong-doer. On the other hand, if it had appreciated in value by improvements placed upon it or otherwise, he would receive more than he was entitled to.

A petition to rehear the case was filed in this court upon the former appeal. One of the grounds relied on for a rehearing was that the court had committed the same error in construing the decree of July 9, 1894, as is now relied on for reversing the decree of the Circuit Court upon this appeal. After mature consideration a rehearing was denied. The question raised by this appeal being necessarily involved upon the former appeal and expressly raised upon the petition to rehear must be regarded as *res judicata;* but if it were not, we are of opinion that upon the facts of the case, as they appear from the record, Tyrer was entitled to recover from O'Gorman $7,500, that being one-tenth of the face value of the stock and bonds received by O'Gorman for the property, there being nothing in the record to show that the stock and bonds so received by O'Gorman and appropriated to his own use were not worth their face value. If they were not worth that much

it was the duty of O'Gorman, or those who claim under him, to show it, and, having failed to do so, they will have to suffer the consequences of their own negligence.

The decree complained of must be affirmed.

*Affirmed.*